**Case No. 18-1827**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

LULA WILLIAMS, *et al.,*

*Plaintiffs – Appellees,*

v.

BIG PICTURE LOANS, LLC, *et al.,*

*Defendants – Appellants.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
CIVIL ACTION NO. 3:17-cv-00461

---

## APPELLANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC'S MOTION TO STAY

---

William H. Hurd
David N. Anthony
Timothy J. St. George
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-5410
william.hurd@troutman.com
david.anthony@troutman.com
tim.st.george@troutman.com

Justin A. Gray
ROSETTE, LLP
44 Grandville Ave. SW, Ste. 300
Grand Rapids, Michigan 49503
jgray@roseettelaw.com

*Counsel for Appellants Big Picture Loans, LLC and
Ascension Technologies, LLC*

# TABLE OF CONTENTS

                                                                                    **Page**

TABLE OF AUTHORITIES ............................................................................................... iii

INTRODUCTION ............................................................................................................... 1

PROCEDURAL HISTORY ................................................................................................... 2

    I.     The District Court has failed to rule on any stay motions for
         nearly six months ............................................................................. 2

    II.    Plaintiffs continue to pursue discovery against the Tribal
         Defendants, despite the appeal, and Martorello has also served
         extensive discovery on the Tribal Defendants due to the
         impending trial date .......................................................................... 5

ARGUMENT ..................................................................................................................... 7

    I.     As the District Court has failed to afford the relief requested, the
         Tribal Defendants now request that this Court grant their motion
         to stay the lower court proceedings ................................................... 7

    II.    The Tribal Defendants' pending appeal divests the District Court
         of jurisdiction ................................................................................... 8

    III.   Even if the District Court were somehow not automatically
         divested of jurisdiction, this Court should stay all proceedings in
         the District Court pending resolution of the appeal, including
         proceedings involving co-Defendant Martorello ............................... 11

        A.    Tribal Defendants are likely to succeed on the merits of
            the appeal ................................................................................ 11

        B.    The Tribal Defendants will be irreparably injured if a stay
            is denied ................................................................................. 13

        C.    Plaintiffs will not be prejudiced or harmed by a stay .............. 19

  D.  The public interest is best served by granting a stay ................20

CONCLUSION ...............................................................................................21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adkins v. Suba*,
No. 09-00029, 2010 WL 934017 (D. Guam Mar. 8, 2010) .........................18

*Apostol v. Gallion*,
870 F.2d 1335 (7th Cir. 1989) .......................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................14, 17

*Behrens v. Pelletier*,
516 U.S. 299 (1996).......................................................................................13

*Black v. Dixie Consumer Prod. LLC*,
No. 108CV00142, 2015 WL 13714173 (W.D. Ky. Sept. 9, 2015)...............18

*Bonnet v. Harvest (U.S.) Holdings, Inc.*,
741 F.3d 1155 (10th Cir. 2014) ................................................................ 8-10

*Bowen v. Doyle*,
880 F. Supp. 99 (W.D.N.Y. 1995)................................................................13

*Breakthrough Mgmt. Grp., Inc. v. Chukchansi Econ. Dev. Auth.*,
629 F.3d 1173 (10th Cir. 2010) ....................................................................12

*Eckert Intern, Inc. v Gov't of Sovereign Democratic Republic of Fiji*,
834 F. Supp. 167 (E.D. Va. 1993) ............................................................8, 10

*Fitzgerald v. Alcorn*,
No. 5:17cv16, 2018 WL 709979 (W.D. Va. 2018) ................................11, 12

*Gingras v. Rosette*,
No. 5:15cv101, 2016 WL 4442792 (D. Vt. Aug. 22, 2016).........................20

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982).........................................................................................9

*In re Facebook Inc.*,
　　42 F. Supp. 3d 556 (S.D.N.Y. 2014) ....................................................8, 9, 13

*In re McKenzie*,
　　180 U.S. 536 (1901)...........................................................................7

*In re Donald J. Trump.*,
　　No. 18-2486 (4th Cir. 2018) ..........................................................18

*In re World Trade Center Disaster Site Litig.*,
　　503 F.3d 167 (2d Cir. 2007) ..........................................................11

*Long v. Robinson*,
　　432 F.2d 977 (4th Cir. 1970) ........................................................11

*McFadyen v Duke Univ.*,
　　No. 1:07CV953, 2011 WL 13134315 (M.D.N.C. June 9, 2011) ........9, 17, 18

*Miller v. Brown*,
　　465 F. Supp. 2d 584 (E.D. Va. 2006) ...........................................12

*Mitchell v. Forsyth*,
　　472 U.S. 511 (1985)...........................................................................9

*Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*,
　　471 U.S. 845 (1985)...........................................................................20

*Prairie Band of Potawatomi Indians v. Pierce*,
　　253 F.3d 1234 (10th Cir. 2001) ....................................................14

*Prescott v. Little Six, Inc.*,
　　387 F.3d 753 (8th Cir. 2004) ........................................................9

*Rabang v. Kelly*,
　　No. C17-0088-JCC, 2017 WL 4811538
　　(W.D. Wash. Oct. 25, 2017) ..................................................16, 17

*Ransaw v. United States*,
　　2011 WL 1752160 (N.D. Ohio May 5, 2011) ..............................18

iv

*Scripps-Howard Radio v. F.C.C.*,
 316 U.S. 4 (1942) ........................................................................................7, 8

*Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*,
 63 F.3d 1030 (11th Cir. 1995) .........................................................9

*Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P. C.*,
 476 U.S. 877 (1986)........................................................................20

*United States v. Washington*,
 20 F. Supp. 3d 986 (W.D. Wash. 2013) .........................................14

*Vann v. Kempthorne*,
 534 F.3d 741 (D.C. Cir. 2008).........................................................9

*Volvo Group North America, LLC v. Truck Enters. Inc.*,
 No. 7:18-CV-00043-EKD, 2018 WL 3599198 (W.D. Va. 2018)...........19, 20

*Walker v. City of Orem*,
 451 F.3d 1139 (10th Cir. 2006) .......................................................9

*Williams v. Big Picture Loans, LLC*,
 329 F. Supp. 3d 248 (E.D. Va. 2018) ...............................................3

*Williams v. Big Picture Loans, LLC*,
 No. 3:17-CV-461, 2018 WL 3615988 (E.D. Va. July 27, 2018) .................14

*Wisconsin v. Ho-Chunk Nation*,
 512 F.3d 921 (7th Cir. 2008) ...........................................................9

S<small>TATUTE</small>

18 U.S.C. § 1961 *et seq.*............................................................................2

R<small>ULES</small>

Fed. R. App. P. 8 ............................................................................................7

Fed. R. App. P. 8(a)(1)(A) ..............................................................................7

Fed. R. App. P. 8(a)(2)(ii)................................................................................7

Fed. R. Civ. P. 26(f) ..................................................................................................3

Fed. R. Civ. P. 45 .....................................................................................................4

Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension") (collectively, "Appellants" or "Tribal Defendants"), request that this Court stay all District Court proceedings pending the resolution of their appeal from the decision below denying the Tribal Defendants' claim of tribal sovereign immunity (the "Appeal").

## INTRODUCTION

On July 19, 2018, the Tribal Defendants appealed the District Court's Order denying their motion to dismiss this matter based on their tribal sovereign immunity. If successful, that appeal will bar all of Plaintiffs' claims against the Tribal Defendants and require dismissal of the case against them.

Despite the fact that the Tribal Defendants' appeal is by right and divests the District Court of jurisdiction to proceed pending the appeal, the District Court proceedings have continued to progress, and Plaintiffs and co-Defendant Matt Martorello ("Martorello") also continue to propound discovery seeking tribal-related information and records. Plaintiffs and Martorello also continue to make various representations in pleadings regarding the Tribal Defendants' operations, and Plaintiffs are currently attempting to certify a sprawling class based on loans made by the Tribal Defendants. In fact, with trial scheduled in March 2019, the Plaintiffs and Martorello intend to dispute whether tribal law applies to Big Picture's loans *without Big Picture*.

The Tribal Defendants have attempted to seek relief from the District Court by filing: (1) a motion to stay on July 24, 2018; (2) a supplemental motion to stay on October 2, 2018, addressing subsequent discovery efforts by Plaintiffs against Ascension officers; and (3) a request for an expedited ruling on the pending motions to stay on December 5, 2018. Yet, the District Court still has not acted, leaving the motion to stay pending for almost six months. That inaction has– severely prejudiced the Tribal Defendants and will continue to do so. Action is needed.

For the reasons detailed below, a stay makes eminent practical sense and is warranted by law. A stay will promote judicial economy, avoid needless waste of the parties' and the Court's limited resources, and most importantly, avoid irreparable harm to Tribal Defendants while working no prejudice on Plaintiffs. Accordingly, the Tribal Defendants respectfully request that this Court stay all proceedings in the District Court pending this Appeal.

## PROCEDURAL HISTORY

I.   **The District Court has failed to rule on any stay motions for nearly six months.**

On June 22, 2017, Plaintiffs filed their Class Action Complaint, alleging that the Tribal Defendants and Matt Martorello were involved in a conspiracy to collect an unlawful debt in violation of state law as well as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq. Williams v. Big Picture Loans, LLC*, No. 3:17-CV-461 (E.D. Va. June 22, 2017) ("*Williams*"). On

September 29, 2017, the Tribal Defendants filed a motion to dismiss, contending that Plaintiffs' claims against them are barred by tribal sovereign immunity, and that the District Court thus lacks jurisdiction. (*Williams*, Dkt. No. 22.) The District Court denied the Tribal Defendants' motion to dismiss on June 25, 2018. (*Williams*, Dkt. Nos. 124, 146.) In its Memorandum Opinion, the District Court held that it could not conclude that Big Picture and Ascension were arms and instrumentalities of the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe") at this stage of the action, and, consequently, that Plaintiffs' claims were not barred by tribal sovereign immunity and could proceed in discovery. *Williams v. Big Picture Loans, LLC*, 329 F. Supp. 3d 248, 283 (E.D. Va. 2018).

On July 6, 2018, as ordered by the District Court, the Tribal Defendants' counsel participated in a Fed. R. Civ. P. 26(f) conference under protest. Plaintiffs served discovery on the Tribal Defendants that same day. (*See* **Exhibit A**.)

On July 17, 2018, Big Picture and Ascension filed their notice of appeal of the District Court's denial of their motion to dismiss. (*Williams*, Dkt. No. 135.) Shortly thereafter, because of obligations under outstanding orders and the fact that Plaintiffs had propounded discovery, Big Picture and Ascension moved the District Court to stay all proceedings pending their appeal. (*Williams*, Dkt. No. 138, 139, attached hereto as **Exhibit B**). In their motion, Big Picture and Ascension argued that: (1) the District Court lacked jurisdiction over the Tribal Defendants due to the

pending appeal on the issue of sovereign immunity; and (2) a stay was otherwise warranted as a matter of discretion. The motion was fully briefed by August 9, 2018.

On July 25, 2018, the District Court held an initial pretrial conference, which the Tribal Defendants again attended under protest. At the pretrial conference, the Court set class certification and trial-related deadlines for Plaintiffs' case against Martorello, setting trial for March 2019. (*Williams*, Dkt. No. 28:2-11; 30:2-11; *Williams*, Dkt. No. 144.) The Court did not set any deadlines for the Tribal Defendants in light of their pending appeal.

On September 14, 2018, Plaintiffs filed their motion for class certification against Martorello. (*Williams*, Dkt. Nos. 189–190.) The motion was fully briefed by November 19, 2018. (*See Williams*, Dkt. Nos. 222, 236.)

On October 2, 2018, the Tribal Defendants filed a Supplemental Motion to Stay All Proceedings Pending Appeal. (*Williams*, Dkt. No. 198, 199, attached hereto as **Exhibit C**). That supplemental motion was necessitated by the fact that Plaintiffs were attempting discovery from Ascension's individual officers, but Plaintiffs were improperly doing so through the service of non-party deposition subpoenas under Fed. R. Civ. P. 45. The Supplemental Motion to Stay was fully briefed by October 29, 2018. (*See Williams*, Dkt. Nos. 207, 228.)

On December 5, 2018, in an attempt to obtain a decision on the pending motions to stay, the Tribal Defendants filed a Request for Expedited Ruling on the

July 2018 Motion to Stay. (*Williams*, Dkt. No. 252, attached hereto as **Exhibit D**). By December 10, 2018, the request for an expedited ruling was fully briefed. (*Williams*, Dkt. Nos. 257, 259.) As of the date of this filing, there still has been no decision the Tribal Defendants' motions to stay.[1]

## II. Plaintiffs continue to pursue discovery against the Tribal Defendants, despite the appeal, and co Martorello has also served extensive discovery on the Tribal Defendants due to the impending trial date.

Although the District Court was divested of jurisdiction over the Tribal Defendants once the Notice of Appeal was filed on July 19, 2018, Plaintiffs have continued to pursue discovery against the Tribal Defendants, both directly and indirectly. To date, Plaintiffs have issued more than 60 subpoenas to nonparties, along with party discovery. (*See* **Exhibit E**.) Those subpoenas have been issued to banks, software companies, and creditors, as well as attorneys and law firms, seeking information about the Tribal Defendants' loan data and business activities. Plaintiffs even served three subpoenas on individual officers of one of the Tribal Defendants, Ascension, compelling Ascension to file motions to quash in three jurisdictions. *Id.*

---

[1]    Martorello also filed a motion to stay, and he joined in the Tribal Defendants' Request for Expedited Ruling. The Court has also not ruled on Martorello's motion to stay. Moreover, increasing the urgency for relief, the District Court has scheduled hearings on pending discovery disputes between the co-parties – largely implicating Tribal records – with a hearing set for January 15, 2019, requiring the Tribal Defendants to attend. (*See* Dkt. Nos. 287, 288.) That hearing was set only four days after the request was lodged by Plaintiffs. Thus, more discovery issues are being resolved without addressing the pending motions to stay from the Tribal Defendants and Martorello, which have been pending for *months*, further eroding sovereignty

With trial quickly approaching in March 2019 despite the pending motions to stay, Martorello had no choice but to also engage in discovery, and he has now served numerous party and non-party subpoenas on the Tribal Defendants, Tribal Officers, Tribal Council members, and the Tribe's in-house and outside counsel, seeking documents and depositions.  (*See* **Exhibit F**.)

Even more concerning, substantial discovery is proceeding in this case without the Tribal Defendants' involvement, which is both prejudicial to the Tribal Defendants and wasteful.  Plaintiffs, for example, have deposed Martorello, and Martorello has deposed each of the named Plaintiffs.  Based on the lack of jurisdiction over them and concerns of waiver of immunity, the Tribal Defendants have not participated in these depositions.  And, numerous additional depositions have been scheduled for January 2019, including depositions of certain expert witnesses, which will also be taken without the participation of the Tribal Defendants.  Ultimately, if this case is remanded to the District Court, those depositions and related discovery will have to be repeated entirely, wasting time and expense.  The co-parties to the case have also briefed class certification, and they will soon be briefing summary judgment and pre-trial motions without the participation of the Tribal Defendants.

**I.    As the District Court has failed to afford the relief requested, the Tribal Defendants now request that this Court grant their motion to stay the lower court proceedings.**

Rule 8 of the Federal Rules of Appellate Procedure provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."  Fed. R. App. P. 8(a)(1)(A).  But such a motion to stay may be made to the court of appeals provided that "the district court denied the motion or *failed to afford the relief requested* and [the motion] state[s] any reasons given by the district court for its actions."  Fed. R. App. P. 8(a)(2)(ii) (emphasis added).

The Tribal Defendants have tried three times to obtain a stay from the District Court, but without success and without explanation by the District Court as to why no decision has issued.  First, the Tribal Defendants moved for a stay pending appeal in the District Court on July 20, 2018.  (*See* Ex. B.)  Second, the Tribal Defendants filed a supplemental motion for a stay on October 2, 2018.  (*See* Ex. C.)  Third, the Tribal Defendants filed a request with the District Court on December 5, 2018, seeking an expedited ruling on the pending motions.  (*See* Ex. D.)

A federal appellate court has the "inherent" power to stay proceedings in the district court during the pendency of an appeal.  *In re McKenzie*, 180 U.S. 536, 551 (1901); *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 9-10 (1942).  The basis of this

power is the necessity that the "appellate court should be able to prevent irreparable injury to the parties or to the public resulting from the premature enforcement of a determination which may later be found to have been wrong." *Scripps-Howard Radio*, 316 U.S. at 9. It has now been almost *six months* since the Tribal Defendants filed their original motion to stay (*see* Ex. B), and the District Court has failed to take any action. Thus, it has "failed to afford the relief requested." And, again, the District Court has not "state[d] any reasons… for its [lack of] actions."

## II.    The Tribal Defendants' pending appeal divests the District Court of jurisdiction.

The Tribal Defendants have appealed the Court's denial of tribal sovereign immunity. An interlocutory appeal of a denial of immunity "divests a district court of jurisdiction to proceed with trial unless the district court certifies the appeal as frivolous."[2] *In re Facebook*, 42 F. Supp. 3d at 558; *Eckert Intern, Inc. v Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993) (interlocutory appeal based on immunity "divests this Court of jurisdiction over the remaining matters").

That is equally true in the tribal context, where the denial of tribal sovereign immunity is immediately appealable under the collateral order doctrine, thereby divesting the district court of jurisdiction. *See, e.g.*, *Bonnet v. Harvest (U.S.)*

---

[2]     There has been no certification of frivolousness here. On December 20, 2018, Appellees filed their opposition papers, conceding that the appeal is not frivolous.

*Holdings, Inc.*, 741 F.3d 1155, 1157 (10th Cir. 2014) ("We have recognized that 'the denial of tribal immunity is an immediately appealable collateral order.'"); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 928 (7th Cir. 2008); *Prescott v. Little Six, Inc.*, 387 F.3d 753, 755 (8th Cir. 2004); *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1050 (11th Cir. 1995); *Vann v. Kempthorne*, 534 F.3d 741, 745 (D.C. Cir. 2008). Indeed, Plaintiffs agree that "[t]his Court has jurisdiction [in this Appeal] under the collateral-order doctrine." (*See* Dkt. No. 32 at p. 4.)[3]

The complete divesture of jurisdiction due to the appeal serves to halt all proceedings before the District Court against the Tribal Defendants, including discovery, until this Court courts answers the "threshold immunity question." *In re Facebook*, 42 F. Supp. 3d at 558 (quoting *Harlow*, 457 U.S. 800 at 818-19); *accord McFadyen v Duke Univ.*, No. 1:07CV953, 2011 WL 13134315, at *2 (M.D.N.C. June 9, 2011); *Walker v. City of Orem*, 451 F.3d 1139 (10th Cir. 2006); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting that where a qualified immunity defense is raised, defendants have an "entitlement not to stand trial or face the other burdens of litigation"). Indeed, "[b]ecause '[t]he trial is inextricably tied

---

[3] This representation to the Court stands in contrast to Plaintiffs' prior arguments to the District Court opposing a stay. (*See Williams*, Dkt. No. 150 at p. 10 (arguing that the collateral order doctrine may not apply to the Tribal Defendants' Appeal).)

to the question of immunity. . . . [i]t makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.'" *Eckert*, 834 F. Supp. at 174 n.12 (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)).

Additionally, that divestiture includes third-party subpoenas, which are a form of "suit" against the Tribal Defendants that would also be barred by sovereign immunity. *See Bonnet*, 741 F.3d at 1158 (holding that tribes are immune from "suit" and "suit" includes judicial processes such as subpoena *duces tecum*, and therefore a subpoena *duces tecum* served directly on the Tribe, regardless of whether it is a party to the underlying legal action, triggers tribal sovereign immunity).

Despite divestiture, and in spite of multiple pending motions to stay, Plaintiffs have pursued discovery against Ascension's officers through non-party subpoenas. *See generally* Ex. E. Plaintiffs have also served *many* subpoenas on third parties to obtain Tribal documents, primarily Big Picture's loan data. *Id.* Plaintiffs have also sought information and documents from the Tribal Defendants' in-house and outside counsel. *Id.* Additionally, to prepare for the March 2019 trial, Martorello has served deposition and document subpoenas on Tribal Officers, Tribal Council, legal counsel, and employees of Big Picture and Ascension. *See generally* Ex. F. A stay from this Court is thus necessary to reinforce the jurisdictional limits of the trial court and to confirm the inability to seek discovery from the Tribal Defendants during the pendency of the appeal.

**III. Even if the District Court were somehow not automatically divested of jurisdiction, this Court should stay all proceedings in the District Court pending resolution of the appeal, including proceedings involving co-Defendant Martorello.**

Even if this the District Court were somehow not divested of jurisdiction, a stay would still be appropriate as a matter of judicial discretion. Moreover, even though Martorello is not a party to the pending appeal and technically remains subject to the jurisdiction of the District Court, a stay of the action against him is warranted (which he has also requested) so as to avoid prejudice.

"A party requesting a stay must demonstrate '(1) that it will likely prevail on the merits of the appeal, (2) that it will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Fitzgerald v. Alcorn*, No. 5:17cv16, 2018 WL 709979, at *3-4 (W.D. Va. 2018) (quoting *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)). The factors are balanced, and "[t]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less of the other." *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Here, all four factors weigh strongly in favor of a stay of this action.

**A.      Tribal Defendants are likely to succeed on the merits of the appeal.**

The Tribal Defendants respectfully submit that the District Court's Order denying their motions to dismiss on the basis of tribal sovereign immunity was

issued in error and is contrary to the law and the weight of the evidence.  In denying immunity, the District Court misunderstood and misapplied the factors used to assess arm-of-the-tribe status.  For example, instead of looking at the Tribe's well-documented purposes in creating Big Picture and Ascension, it focused on the motives of *non-tribal* persons.  Similarly, the District Court improperly denied immunity based on its disagreement with the Tribe's business judgment and legislative decisions, its disregard for the many millions of dollars in revenue that Big Picture contributed to the Tribe.  None of these considerations are relevant to the sovereignty inquiry, and the Tribal Defendants have asked this Court to reverse that decision.

Regardless, the first factor regarding the likelihood of success on the merits is satisfied if the case presents a case of "first impression" and a "substantial case on the merits." *Fitzgerald*, No. 5:17cv16, 2018 WL 709979, at *1; *see also Miller*, 465 F. Supp. 2d at 596 ("While the Court cannot say that Defendants are likely to prevail in their appeal, the Court does recognize that this case raises an issue of first impression.").  Based on the arguments and voluminous record set forth by the Tribal Defendants on appeal, there can be little doubt that such a standard is met, especially given the scarcity of decisions by this Court regarding tribal sovereignty

For example, while both sides argue the sovereign immunity issue under the test set forth in *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Econ. Dev. Auth*., 629

F.3d 1173 (10th Cir. 2010), they disagree on the details of that test and how it should be applied. This Court has not yet adopted any form of the *Breakthrough* test, nor any other test for tribal sovereign immunity, much less decided how such a test should be applied to various facts. Nor has the Fourth Circuit addressed which party bears the burden of proof on the issue of tribal sovereign immunity, which is a question of law that the District Court also addressed in issuing its Order, and which should also have led to a favorable ruling on the Tribal Defendants' motion to dismiss.

With varying analyses over the correct tribal-immunity test and factors, as well as who bears the burden of proof under such an analysis, when coupled with the existence of a plainly good-faith appeal, a stay is proper.

## B. The Tribal Defendants will be irreparably injured if a stay is denied.

The Tribal Defendants will be irreparably harmed if a stay is not granted. This is true regardless of the outcome of the appeal. First, if this Court rules that Big Picture and Ascension *have* sovereign immunity, important benefits of that immunity will nevertheless have been lost due to the on-going discovery efforts against the Tribal Defendants by Plaintiffs and Martorello. *See Bowen v. Doyle*, 880 F. Supp. 99, 134 (W.D.N.Y. 1995) ("A claim of sovereign immunity is forever lost by subjecting [the party] to the very process from which he asserts he is immune."). Indeed, immunity doctrines are meant to give sovereigns "a right, not merely to

avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery." *In re Facebook Inc.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)).

Infringement of tribal sovereign immunity constitutes irreparable harm by invading tribal self-government in a way that "cannot be adequately compensated for in the form of monetary damages" and because the loss of tribal sovereignty may not be subject to remedy upon final determination on the merits. *United States v. Washington*, 20 F. Supp. 3d 986, 1073 (W.D. Wash. 2013) (citing *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250–51 (10th Cir. 2001)). Put another way, this is not simply a matter of prudence; it raises much deeper concerns of sovereignty that must be resolved first.

This concern is particularly acute here because, despite the appeal, Plaintiffs have continued to seek expansive third-party discovery relating to Tribal officials and Tribal records and loan data, costing the Tribe and the Tribal Defendants tens of thousands of dollars in fees to resist those efforts through negotiation, briefing, and motions to quash. "Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). In this case, the litigation impacts not only Tribal Defendants, but also the Tribe itself, as money lost

to duplicative and potentially unauthorized discovery will cut into the Tribe's primary funding source for the its government operations and its basic services for its citizens. *See Williams v. Big Picture Loans, LLC*, No. 3:17-CV-461, 2018 WL 3615988, at \*9 (E.D. Va. July 27, 2018) ("The Tribe relies on Big Picture's funds for governmental programs and services.").

Second, if this Court were somehow to rule that Big Picture and Ascension *do not have* sovereign immunity, then the case presumably would be remanded to the District Court, and the Tribal Defendants would be thrown back into litigation where important proceedings would have already occurred, and important decisions made, without their participation. Those proceedings and decisions would include, for example, a ruling on the pending class certification motion, discovery, possibly partial summary judgment and other pre-trial motions, including decisions on the applicable law. Indeed, given current schedules, the trial against Martorello will have concluded before this appeal is decided, and the Tribal Defendant would be remanded for another trial, but one in which much would have already been decided due in the proceedings against Martorello.

Indeed, both Plaintiffs and Martorello are currently making representations regarding the nature of the Tribal Defendants' operations in their briefing on issues of class certification, and they will also likely be doing so in the forthcoming motions for summary judgment, which are due at the end of this month. Thus, decisions may

be made by the District Court on important legal and factual issues that may set precedent for the Tribal Defendants in the absence of a fully-developed record. The same will be true if the case proceeds to trial, and testimony is provided by Plaintiffs and Martorello about the Tribal Defendants' intent and operations.

It is obviously no answer to say that, in the event of remand, the District Court would need to reconsider any decisions affecting the interests of the Tribal Defendants. It is highly unlikely that the District Court would reverse course. The momentum from previous decisions would simply be too great. The practical result would be that important decisions would have been made without any meaningful opportunity for the Tribal Defendants to argue the law or present evidence, including evidence about their own business operations. But, even if there could be a genuine "re-do" of key decisions by the District Court, it would be a waste of judicial resources to decide the same issues twice.

With respect to discovery, the Tribal Defendants are prejudiced by not having the opportunity to lodge objections and otherwise participate in the discovery presently being taken by Plaintiffs as to Martorello, and *vice versa*. Indeed, the Tribal Defendants have not participated in the depositions of Martorello or the named Plaintiffs based on the lack of jurisdiction and concerns over waiver of immunity. Should this matter be remanded to the District Court, the Tribal Defendants would need to engage in substantial discovery, including re-deposing

the same people later. Third parties would also be burdened by those duplicative efforts.

A similar issue was also addressed in *Rabang v. Kelly*, No. C17-0088-JCC, 2017 WL 4811538 (W.D. Wash. Oct. 25, 2017), where the court held that an appeal of a denial of tribal sovereign immunity was "difficult to untangle from the ongoing litigation, particularly because the RICO claims were identical" across the parties, thereby warranting a stay in proceedings while the appeal was pending. *Id.* at *5. The same is true here.

In sum, the potential for irreparable harm cannot be avoided simply by staying the matter as to the Tribal Defendants alone. The entire matter should be stayed, including as to co-Defendant Matt Martorello. Indeed, this scenario has played out before, where a plaintiff has attempted to keep pressure on the case, while a denial of sovereign immunity is appealed, by dividing claims and defendants, thereby forcing the party claiming immunity to either participate in the discovery process to protect their interests in the interim or to not participate consistent with their sovereign status. However, the Supreme Court has rejected such a gambit:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject

> to discovery orders, then, they would not be free from the
> burdens of discovery.

*Ashcroft*, 556 U.S. at 685-86.

Courts within this Circuit have relied on *Ashcroft* to stay trial and defer pending motions. For instance, in *McFadyen v Duke Univ.*, No. 1:07CV953, 2011 WL 13134315 (M.D.N.C. June 9, 2011), several defendants sought to stay discovery pending an appeal to the Fourth Circuit based on the denial of immunity. After finding that the appeal divested the district court of jurisdiction over the appellant, the district court also found that several of the non-appealed aspects of the case were "inextricably intertwined with the claims in Count 18 asserted against the City Defendants" on appeal, "[t]hus, in the present case, the Court finds that, as a practical matter, these claims could not realistically proceed independent of the claims on appeal." *Id.* at *3. The court also found that, absent a stay, the discovery that had been served on several non-appellant defendants "would indeed impose undue burdens on the City Defendants while their qualified immunity defense is still pending on appeal." *Id.* Other courts have reached similar conclusions. *See, e.g.*, *Black v. Dixie Consumer Prod. LLC*, No. 108CV00142, 2015 WL 13714173, at *3 (W.D. Ky. Sept. 9, 2015); *Adkins v. Suba*, No. 09-00029, 2010 WL 934017, at *1 (D. Guam Mar. 8, 2010) (temporarily staying discovery as to all defendants pending the court's ruling on certain defendants' motions to dismiss on qualified immunity grounds); *Ransaw v. United States*, 2011 WL 1752160, at *2 (N.D. Ohio May 5,

2011) (staying all discovery "pending the resolution of the qualified immunity question" in related case); *see also In re; Donald J. Trump*, No. 18-2486 (4th Cir. 2018) (Dkt. No. 9) (staying case against executive branch appealing the trial court's order, including when subpoenas had been issued). This Court should do the same.

### C.      Plaintiffs will not be prejudiced or harmed by a stay.

Plaintiffs cannot demonstrate any injury – let alone a "substantial" one – that would result from a stay. Plaintiffs (previous borrowers with no outstanding loans) are not incurring any ongoing harm, and any alleged injury is wholly compensable by reimbursement, if they should prevail on the merits. The same is true with respect to the claims of the putative class, which seeks monetary reimbursement from the Tribal Defendants and cancellation of their loans. The requested stay will also be short, with oral argument recently calendared by this Court for the period of March 19-21, 2019. In fact, all parties will benefit from a stay because the ultimate adjudication of the existence of tribal sovereign immunity will likely eliminate the need for significant adjudication and needless expenditure of pretrial resources by all parties.

And, even if Plaintiffs could demonstrate some harm during the brief stay, it is outweighed. In *Volvo Group North America, LLC v. Truck Enters. Inc.*, No. 7:18-CV-00043-EKD, 2018 WL 3599198 (W.D. Va. 2018), the court found that although there was a "fair possibility" the party opposing the stay may be damaged, the

moving party had satisfied its burden to make out a clear case of hardship or inequity going forward, and that the efficient administration of justice was best served by a stay because "waiting to resolve the issues in this case until after the Fourth Circuit has the opportunity to present guidance and speak on some of the issues – raised there between the very same parties – is an efficient course of action." *Id.* at *8. The same is true here.

### D.    The public interest is best served by granting a stay.

The public interest is best protected by a stay.  Foremost, the public interest is best served by Congress's federal Indian policy, which "is committed to a policy of supporting tribal self-government and self-determination."  *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985); *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P. C.*, 476 U.S. 877, 894 (1986)) ("Tribal sovereign immunity is 'a necessary corollary to Indian sovereignty and self-governance.'").  It is also in the public's interest to promote judicial economy, which is best accomplished here by staying all proceedings until the pending appeal is resolved.  Again, if the Tribal Defendants are correct on the issue of sovereign immunity, then the discovery efforts against them "will have been enormously wasteful."  *Gingras v. Rosette*, No. 5:15cv101, 2016 WL 4442792, at *7 (D. Vt. Aug. 22, 2016) (finding that the public interest is best served by staying the case until the issue of arbitrability is decided).

For all of these reasons, a stay of all proceedings before the District Court is appropriate pending the resolution of the Appeal.

<h2 style="text-align:center">CONCLUSION</h2>

WHEREFORE, the Tribal Defendants respectfully request that the Court grant their Motion to Stay and stay all District Court proceedings pending the resolution of the Appeal.

Dated: January 8, 2019

**BIG PICTURE LOANS, LLC
ASCENSION TECHNOLOGIES,
LLC**

By:*/s/ Timothy J. St. George*
Timothy J. St. George
Virginia State Bar No. 77349
*Counsel for Big Picture Loans, LLC and
Ascension Technologies, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: 804-697-1254
Facsimile: 804-698-6013
Email: tim.stgeorge@troutman.com

Justin Alexander Gray
(Admitted *pro hac vice*)
*Counsel for Big Picture Loans, LLC and
Ascension Technologies, LLC*
ROSETTE, LLP
44 Grandville Ave. SW, Ste. 300
Grand Rapids, MI 49503
Telephone: 616-655-1601
Facsimile: 517-913-6443
Email: jgray@rosettelaw.com

<u>**CERTIFICATE OF COMPLIANCE**</u>

1.      This motion complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

[ X ] this motion contains 5,051 words.

[    ] this motion uses a monospaced type and contains [*state the number of*] lines of text.

2.      This motion complies with the typeface and type style requirements because:

[ X ] this motion has been prepared in a proportionally spaced typeface using *Microsoft Word 2016* in *14pt Times New Roman*; *or*

[    ] this motion has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>January 8, 2019</u>          <u>*/s/ Timothy J. St. George*</u>
                                        Timothy J. St. George
                                        Virginia State Bar No. 77349
                                        *Counsel for Big Picture Loans, LLC and*
                                        *Ascension Technologies, LLC*
                                        TROUTMAN SANDERS LLP
                                        1001 Haxall Point
                                        Richmond, Virginia 23219
                                        Telephone: (804) 697-1245
                                        Facsimile: (804) 698-1300
                                        Email: tim.stgeorge@troutman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January 2019, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF System which will then

send a notification of such filing (NEF) to the following:

Kristi Cahoon Kelly
Casey Shannon Nash
KELLY & CRANDALL PLC
3925 Chain Bridge Rd., Ste. 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Facsimile: 703-591-9285
Email: kkelly@kellyandcrandall.com
Email: casey@kellyandcrandall.com
*Counsel for Plaintiffs – Appellees*

Matthew W.H. Wessler
GUPTA WESSLER PLLC
1900 L Street, NW, Ste. 312
Washington, D.C. 20036
Telephone: 202-888-1741
Email: matt@guptawessler.com
*Counsel for Plaintiffs – Appellees*

*/s/ Timothy J. St. George*
Timothy J. St. George
Virginia State Bar No. 77349
*Counsel for Big Picture Loans, LLC and
Ascension Technologies, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1245
Facsimile: (804) 698-1300
Email: tim.stgeorge@troutman.com